UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 5:21-cr-129

JAMES MEEKS-LITTLE

## MEMORANDUM OPINION AND ORDER

Pursuant to Standing Order entered October 31, 2023, the Court has instituted review of sentence in this matter upon its own motion.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date

of February 1, 2024, or later. By previous Order entered on November 30, 2023, this case was designated for Standard consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and received any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. By its written and filed response [ECF 78], the United States does not object to the reduction ordered herein.

On February 24, 2023, the Court convened for sentencing. Mr. James Meeks-Little received 6 criminal history points for his prior convictions, in addition to 2 status points inasmuch as he committed the instant offense while serving a term of parole for his conviction in the Third Judicial Circuit Court, Detroit, Michigan, Case No.: 14-009022-01-FH. A total of 8 criminal history points placed Mr. Meeks-Little in Criminal History Category IV. Based on a Total Offense Level of 25 and a Criminal History Category of IV, Mr. Meeks-Little was subject to a guideline imprisonment range of 84 month to 105 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Meeks-Little at the bottom of his then applicable guideline range to 84 months imprisonment, with the first twenty months of imprisonment to be served concurrently with the state sentence and the remainder thereof to be served consecutively to the state sentence.[1]

---

[1] At the time of sentencing Mr. Meeks-Little was currently serving a definite term of ten years imprisonment in West Virginia for kidnapping.

2

As to the nature and circumstances of the offense, Mr. Meeks-Little was charged and pled guilty to possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) following a traffic stop. During the traffic stop, Mr. Meeks-Little admitted "[e]verything in the car is mine" and advised "H" was hidden in the glove box. A subsequent search warrant was executed on the vehicle where 247.7 grams of fentanyl was discovered in addition to a firearm.

Respecting Mr. Meeks-Little's history and characteristics, he is thirty-one years old and has a significant criminal history. Mr. Meeks-Little's criminal history began at the age of sixteen when he was convicted of breaking and entering. At the age of twenty-one Mr. Meeks-Little was convicted of felony home invasion and was serving a term of parole for that conviction when he committed the instant federal offense. In January 2022, Mr. Meeks-Little was convicted of kidnapping in Case Number 21-F-420 in Raleigh County Circuit Court. Currently, Mr. Meeks-Little is still serving a definite term of 10 years imprisonment in state penitentiary for the kidnapping offense. Per the West Virginia Department of Correction and Rehabilitation website, Mr. Meeks-Little has a projected release date of June 24, 2026. Based upon consideration of the applicable § 3553(a) factors, the Court concludes Mr. Meeks-Little is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, given the retroactive application of Amendment 821, if sentenced today, Mr. Meeks-Little would receive a 2-point reduction in status points for a total of 6 criminal history points, placing him in a Criminal History Category of III. Based on a Total Offense Level of 25 and a Criminal History Category of III, Mr. Meeks-Little's newly calculated guideline range is 70 months to 87 months. A guideline sentence at the bottom of this newly calculated range is sufficient but not greater than necessary to meet the goals of sentencing.

The Court **ORDERS** Mr. Meeks-Little's Criminal History Category be reduced from Category IV to Category III for a new advisory guideline range of 70 months to 87 months. It is further **ORDERED** that Mr. Meeks-Little's previous sentence be reduced to a period of 70 months, with the first twenty months of imprisonment to be served concurrently with the state sentence and the remainder thereof to be served consecutively to the state sentence, with credit for time served to date, effective February 1, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the Judgment entered March 1, 2023, shall remain in effect. In the event the parties desire to be heard on any matter set forth herein, they may so move on or before January 23, 2024.

The Clerk is **DIRECTED** to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: January 10, 2024

EFFECTIVE: February 1, 2024

Frank W. Volk
United States District Judge